## HUGHES *versus* ROSS.

In an action for malicious prosecution, the felony charged in the affidavit must be substantially averred in the declaration; but it is not essential to recite the whole affidavit.

In this case, which was an action for malicious prosecution, in Dallas Circuit Court, the declaration recited the particular felony under which the plaintiff had been prosecuted, but did not set out the affidavit at length. On the trial, the Court excluded the affidavit and warrant from the jury, on the ground of their not being conformable to the averment in the declaration. The averment stated, that the said defendant had charged the *plaintiff* with having feloniously stolen, taken and carried away, a roan horse —the affidavit and warrant, charged the offence to have been committed by the *plaintiff and one Reddin Hall* in connection. The plaintiff assigned the rejection of the affidavit and warrant, as error.

LIPSCOMB, C. J.—This was an action to recover damages for a malicious prosecution. The plaintiff, in his declaration, averred, that the defendant on the 18th day of June, 1827, at the county of Dallas went and appeared before one David Reeves, Esquire, then and there being one of the justices assigned to keep the peace, in and for the county of Dallas aforesaid, and also to hear and determine divers felonies, trespasses and other misdemeanors committed in said county, and then and there before the said David Reeves, so being such justice as aforesaid, at Dallas county aforesaid, falsely and maliciously, and without any reasonable or probable cause whatever, on his oath, charged the said Joshua Hughes with having feloniously stolen, taken and carried away, a certain roan horse of him, the said Jesse Ross, sen. and upon such charge on oath, he the said Jesse Ross, sen. falsely and maliciously, and without any reasonable or probable cause whatever, caused and procured the said David Reeves, as being such justice, to make and grant his warrant under his hand and seal, for taking and apprehending of the said Joshua Hughes, &c. The plaintiff offered in evidence the affidavit of the defendant in the following words—

"STATE OF ALABAMA, }
*Dallas County.* }

"Whereas, Jesse Ross, sen. of the State and coun-
"ty aforesaid, hath this day made information and
"complaint upon oath, before me, David Reeves, a
"justice of the peace for the said county, that on the
"night of the 14th instant, one roan horse of him the
"said Jesse Ross, was feloniously stolen, taken and
"carried away, from the house of Obediah Hulets,
"in the county of Perry, and that he hath just cause

" to suspect, and doth suspect, that Joshua Hughes
" and Reddin Hall, of the county of Dallas, feloni-
" ously did steal, take and carry away the said horse.

his

"Signed,          JESSE x ROSS, sen.

mark.

 "Sworn to and subscribed before me, this 18th
" June, 1827.

"Signed,          D. REEVES, J. P."

The warrant for the arrest of the plaintiff and
Reddin Hall was offered in evidence, but the Court
rejected and excluded from the jury, both the affida-
vit and warrant, as inadmissible evidence, under the
plaintiff's declaration. The rejection of this testi-
mony is assigned for error.

In this form of action the felony charged in the
affidavit must be substantially averred in the decla-
ration. If there is a variance between the felony
averred in the declaration, and the charge made in
the affidavit, it is fatal to the action : but the plaintiff
need not recite the affidavit in so many words. It is
sufficient if he avers the substantive part of it neces-
sary to the support of his action, and variances in an
immaterial part, will not exclude the testimony.

In the case of *Purcell* vs. *Macnamara*,[a] the decla-
ration stated that the acquittal of the plaintiff had
been on the morrow of the Holy Trinity, and the re-
cord produced in evidence showed that the acquittal
was on Tuesday after the end of the Easter Term,
which was the day of *nisi prius*, before the Lord Chief
Justice.

This variance was objected to as fatal, and Lord
*Ellenborough*, Chief Justice, sustained the objection,
and nonsuited the plaintiff.

[a] 9 East. 157

On a motion to set aside the non-suit, the Court of King's Bench, composed of the Chief Justice *Grose*, *Lawrence* and *LeBlanc*, Justices, held that the variance was not material; and it was on the principle, that the acquittal was the matter of substance essential to be stated; and it was of no consequence where it took place, so that it was before the commencement of the action. So in the case of *Philips* vs *Shaw*.[a] In assumpsit, for not indemnifying the plaintiff, in consequence of his having become bail for one A, in an action at the suit of B, it was stated that B at Michaelmas term 58, George III, recovered against the plaintiff. The judgment given in evidence was at Hillary term. The Court held that this was no variance, inasmuch as it was not matter of description, but an allegation, in substance that the judgment was rendered before the commencement of this suit. The case of *Wheelock* vs. *Childress*, decided in this Court, but not reported, was expressly on the ground of a variance in the felony charged in the affidavit from that averred in the declaration. In the case of *Bennet* vs. *Black*,[b] the affidavit disclosed facts amounting to a felony, but not a robbery; the warrant was for a robbery, and the declaration averred that the defendant had charged the plaintiff on his affidavit with robbery.

The variance was considered by this Court as fatal, on the ground, that it did not charge the same kind of felony in the declaration, as the one charged in the defendant's affidavit. The doctrine seems to be well settled, that the averment in the declaration must substantially charge the particular felony or misdemeanor charged in the affidavit. In the case under consideration, the plaintiff does not assume to

[a] Barnwell & Alders. 477.

[b] 1 Stewart 494

· recite the whole affidavit in his declaration, he only states the particular felony, of which it charged him: this was all that was required of him. We are therefore of the opinion, that the variance, if any, was not material, and that the judgment of the Circuit Court must be reversed and the cause remanded.